UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/14/2020

U.S. SPECIALTY INSURANCE COMPANY,

Plaintiff,

-v-

NATIONWIDE MUTUAL INSURANCE
COMPANY and NATIONWIDE MUTUAL
FIREINSURANCE COMPANY,

Defendants.

No. 19-cv-7884 (MKV)
OPINION AND ORDER

MARY KAY VYSKOCIL, District Judge:

U.S. Specialty Insurance Company asserts claims against Nationwide Mutual Insurance Company and Nationwide Mutual Fire Insurance Company for declaratory judgment and contribution.  Nationwide Mutual and Nationwide Mutual Fire move to dismiss the complaint for failure to state a claim on which relief may be granted.  Fed. R. Civ. P. 12(b)(6).  For the reasons set forth below, the motion to dismiss is DENIED in part and GRANTED in part.

I. BACKGROUND[1]

Nationwide Mutual issued a general liability policy to N. Pagano Heating and Plumbing Contractors, Ltd., a contractor that was hired for a construction project at an apartment.  Cmpl. ¶¶ 1, 4.  That policy extends primary coverage as an additional insured to SMI Construction Management Inc., a construction manager that was hired to work on the project.  *Id.* ¶¶ 1, 9, 43.  Moreover, Pagano and SMI executed two contracts, the Indemnification, Hold Harmless and Insurance Agreement and the Trade Contractor Agreement, Cmpl. Ex. D [ECF #11-4], that

---

[1] The facts are taken from the Complaint [ECF #11], hereinafter "Cmpl."  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[F]or the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true.").

establish that Pagano was required to maintain general liability insurance naming SMI as an additional insured and providing coverage "primary to any other insurance policies," *id.* at 1; *see id.* at 6; Cmpl. ¶¶ 25–33.  SMI also obtained its own general liability policy from U.S. Specialty. Cmpl. ¶ 3.  And Nationwide Mutual Fire "provides insurance coverage to Pagano for, among other things, contractual liability assumed in an Insured Contract."  *Id.* ¶ 10.

An employee of Pagano who was injured during the construction project filed an action in New York state court that names SMI, among others (but not Pagano), as a defendant.  *See* Cmpl. Ex. C [ECF #11-3 at 9]; Cmpl. ¶ 24.  U.S. Specialty has been defending SMI in the state court action.  Cmpl. ¶ 8.  Indeed, it "has incurred, and continues to incur, expenses, including attorneys' fees and other costs in connection with the defense of SMI."  *Id.* ¶ 75.  Despite initially acknowledging its duty to furnish a defense, *see id.* ¶ 45, Nationwide Mutual "has failed to defend and indemnify SMI," *id.* ¶¶ 11, 46; *see id.* ¶¶ 59, 66.  U.S. Specialty also alleges that Nationwide Mutual has conditioned any payment it might make to settle the state court action against SMI on SMI releasing Pagano from contractual liability.  *Id.* ¶¶ 2, 10, 46, 61–62.

U.S. Specialty filed a complaint in this Court asserting claims for: (1) a judgment declaring that Nationwide Mutual is obligated to defend SMI in the state court action on a primary and non-contributory basis; (2) a judgment declaring that Nationwide Mutual is obligated to indemnify SMI, on a primary and non-contributory basis, for liability incurred in the state court action; and (3) contribution from Nationwide Mutual for the costs that U.S. Specialty has incurred in defending SMI.  *Id.* ¶ 13.  U.S. Specialty also seeks a judgment declaring that Nationwide Mutual Fire is obligated under the umbrella policy to indemnify Pagano for contractual liability to SMI that exceeds Pagano's coverage under the Nationwide Mutual policy for such liability.  *Id.* ¶ 14.

Nationwide Mutual and Nationwide Mutual Fire have moved to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to state a claim on which relief may be granted.  Def. Mem. at 1 [ECF #19-7 at 5].  In their brief, however, the defendants focus on issues of jurisdiction and standing.  *See id.* at 1–2.  In particular, they argue that there is no case or controversy between the parties with respect to the duty of Nationwide Mutual to defend SMI in the state court action because Nationwide Mutual has acknowledged this duty.  *Id.* at 1.  They argue that the claim for a judgment declaring that Nationwide Mutual is obligated to indemnify SMI is premature because it is contingent on a finding of liability in the state court action.  *Id.* at 1–2.  The defendants also argue that, although Nationwide Mutual Fire has not disputed that it may be obligated to indemnify Pagano for contractual liability to SMI, the claim for a declaratory judgment on this question is premature.  *Id*. at 2.  Finally, defendants argue that U.S. Specialty lacks standing to assert its claims because it has informed SMI that its policy does not cover the state court action.  *Id.* at 2.[2]

## II.    LEGAL STANDARDS

### A.  Motion To Dismiss

"On a motion to dismiss" under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court accepts "all factual allegations in the complaint . . . as true" and draws "all inferences . . . in the plaintiff's favor."  *Littlejohn v. City of New York*, 795 F.3d 297, 306 (2d Cir. 2015).  "To survive a motion to dismiss," the plaintiff need only allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

---

[2] The defendants have not raised any arguments in their brief for dismissing the third claim against Nationwide Mutual in the complaint, the claim for contribution from Nationwide Mutual for the costs that U.S. Specialty has incurred in defending SMI.  Cmpl. ¶ 13.  Accordingly, the Court deems any such argument waived.  *See Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012).

B.  Declaratory Judgment

It is well settled that "the United States Constitution limits federal court jurisdiction to actual cases and controversies." *Jefferson v. Abrams*, 747 F.2d 94, 96 (2d Cir. 1984).  Thus, a federal court may exercise jurisdiction over an action for declaratory judgment only if there "exists . . . an 'actual controversy.'" *E.R. Squibb & Sons, Inc. v. Lloyd's & Cos.*, 241 F.3d 154, 177 (2d Cir. 2001) (quoting 28 U.S.C. § 2201(a)).  In addition, the dispute must be ripe for adjudication.  *See Nat'l Park Hosp. Ass'n v. Dep't of Interior*, 538 U.S. 803, 807–08 (2003). "The standard for ripeness in a declaratory judgment action is that 'there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *Duane Reade, Inc. v. St. Paul Fire & Marine Ins. Co.*, 411 F.3d 384, 388 (2d Cir. 2005) (quoting *Maryland Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941)).

A declaratory judgment action is a common, judicially sanctioned mechanism for sorting out the respective obligations of insurers who may each owe duties to a common insured.  *See Assoc. Indem. Corp. v. Fairchild Indus., Inc.*, 961 F.2d 32, 35 (2d Cir. 1992) (explaining that "litigation over insurance coverage has become the paradigm" for declaratory judgment actions involving contingent liabilities); *E.R. Squibb & Sons, Inc.*, 241 F.3d at 177.  "That the liability may be contingent does not necessarily defeat jurisdiction of a declaratory judgment action." *Employers Ins. of Wausau v. Fox Entm't Grp., Inc.*, 522 F.3d 271, 278 (2d Cir. 2008).  Indeed, courts in this circuit commonly find insurance coverage disputes ripe for adjudication before the insured has incurred any liability.  *See Stoncor Grp., Inc. v. Peerless Ins. Co.*, 322 F. Supp. 3d 505, 511–12 (S.D.N.Y. 2018) (collecting cases).  In this context, it is sufficient for a district court to find some "'practical likelihood' that there will be some type of settlement or judgment

4

against the insurer." *Fed. Ins. Co. v. SafeNet, Inc.*, 758 F. Supp. 2d 251, 262 (S.D.N.Y. 2010)

(quoting *Fairchild Indus., Inc.*, 961 F.2d at 35) (collecting cases).  *See generally* B. OSTRAGER &

T. NEWMAN, HANDBOOK ON INSURANCE COVERAGE DISPUTES § 2.02 (19th ed. 2018).

C.  Standing

         "Standing to sue is a doctrine rooted in the . . . [Constitution's] case or controversy"

requirement for federal court jurisdiction.  *Spokeo, Inc. v. Robins*, 578 U.S. ___, 136 S. Ct. 1540,

1547 (2016).  A motion to dismiss for lack of standing is governed by Rule 12(b)(1) of the

Federal Rules of Civil Procedure.  *See Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 54–55 (2d

Cir. 2016); Fed. R. Civ. P. 12(b)(1) (permitting dismissal for "lack of subject-matter

jurisdiction").  To establish standing, a plaintiff must allege that it has "(1) suffered an injury in

fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to

be redressed by a favorable judicial decision."  *Spokeo, Inc.*, 136 S.Ct. at 1547.  "The injury-in-

fact requirement 'helps to ensure that the plaintiff has a personal stake in the outcome of the

controversy.'"  *Dubuisson v. Stonebridge Life Ins. Co.*, 887 F.3d 567, 573 (2d Cir. 2018)

(quoting *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014)).

III.   ANALYSIS

A.  There Is an Actual Case or Controversy Between Nationwide Mutual and
     U.S. Specialty with Respect to the Duty of Nationwide Mutual To Defend SMI.

         The defendants argue that there is no case or controversy between the parties with respect

to the duty of Nationwide Mutual to defend SMI in the state court action.  Def. Mem. at 1–2, 7–

9.  *Id.* at 1.  The Court disagrees.  Under New York law, an insurer's duty to furnish a defense

generally is triggered by the filing of a lawsuit alleging claims that are arguably within the scope

of coverage.  *Seaboard Sur. Co. v. Gillette Co.*, 64 N.Y.2d 304, 310, 486 N.Y.S.2d 873, 476

N.E.2d 272 (1984); *see also Atl. Cas. Ins. Co. v. Value Waterproofing, Inc.*, 918 F. Supp. 2d 243,

261 (S.D.N.Y. 2013), *aff'd*, 548 F. App'x 716 (2d Cir. 2013).  It is widely recognized that claims against an insured may trigger the defense obligations of more than one insurer and that disputes among the insurers about their respective obligations may be resolved in a declaratory judgment action.  *See generally* OSTRAGER & NEWMAN § 6.01; *Fed. Ins. Co. v. Cablevision Sys. Dev. Co.*, 836 F.2d 54 (2d Cir. 1987) (describing several cases in which one insurer sought a declaratory judgment that another insurer was required to defend and indemnify a common insured).

In its complaint, U.S. Specialty alleges that there is a lawsuit pending against SMI in state court and that Nationwide Mutual is obligated to furnish a defense because the policy that Nationwide Mutual issued to Pagano extends primary coverage to SMI for the claims in the state court action.  Cmpl. ¶¶ 1, 9, 35–36.  U.S. Specialty further alleges that it is defending SMI and that Nationwide Mutual has "breached its obligations . . . by failing to defend" SMI.  *Id*. ¶ 59.  Thus, U.S. Specialty adequately alleges a case or controversy between the parties to this action about their respective obligations to defend SMI in the state court action.

The defendants contend that there is no actual case or controversy because Nationwide Mutual has "acknowledged its duty to defend SMI" in the state court action and "is currently providing SMI with a defense . . . ."  Def. Mem. at 7.  This contention contradicts the allegations in the complaint and, as such, does not change the Court's analysis.  At this stage, the Court is required to accept all allegations in the complaint as true and draw "all inferences . . . in the plaintiff's favor."  *Littlejohn*, 795 F.3d at 306.  In its complaint, U.S. Specialty repeatedly alleges that Nationwide Mutual "has failed to defend" SMI.  Cmpl. ¶¶ 2, 11, 46.  To be sure, there appears to be some complicated backstory to the parties' dispute over the defense of SMI.  The complaint mentions a letter in which Nationwide Mutual agreed to "continue to provide a defense to SMI," which suggests that it was furnishing a defense at some point.  *Id.* ¶ 45.  In its

brief, U.S. Specialty explains that Nationwide Mutual "initially accepted its defense obligation" before changing its position and that its "own view of its duty to defend is in constant flux." Pl. Mem. at 8. As noted above, the complaint alleges that Nationwide Mutual has "breached its obligations . . . by failing to defend" SMI. Cmpl. ¶ 59. In all events, the defense of SMI is clearly the subject of a live controversy between the parties.

**B. The Claim for a Judgment Declaring that Nationwide Mutual**
   **Is Obligated to Indemnify SMI Is Ripe for Adjudication.**

The Court also rejects the defendants' conclusory assertion that the claim for a judgment declaring that Nationwide Mutual is obligated to indemnify SMI must be dismissed because it is premature. To be sure, the duty of Nationwide Mutual to indemnify SMI is contingent on the resolution of the state court action. But the Second Circuit has made clear that this contingency is not sufficient to "defeat jurisdiction." *Fox Entm't Grp., Inc.*, 522 F.3d at 278. A declaratory judgment action may be ripe before the insured has "incurred any liability." *SafeNet, Inc.*, 758 F. Supp. 2d at 262. Turning to the "practical likelihood" of some judgment or settlement against Nationwide Mutual, the Court finds it sufficient for its ripeness analysis at this stage that SMI "is a defendant in [an] . . . action in state court that seeks to determine its liability" and that U.S. Specialty alleges that the Nationwide Mutual policy extends primary coverage to SMI as an additional insured. *Stoncor Grp., Inc.*, 322 F. Supp. 3d at 511 (collecting cases). "Thus, the prospect of liability in [the state court] action is not remote, speculative, or hypothetical." *Id.* at 512.

**C. U.S. Specialty Has Standing To Assert All of Its Claims Against Nationwide Mutual.**

The defendants' standing argument is similarly unpersuasive. Although they did not invoke Rule 12(b)(1), the defendants argue that the Court should dismiss this case for lack of standing because "U.S. Specialty's personal and property rights will not be directly and

specifically affected by the resolution."  Def. Mem. at 9.  The parties appear to agree that U.S. Specialty has "informed SMI" that its policy does not obligate U.S. Specialty to defend and indemnify SMI in the state court action.  Def. Mem. at 2, 9–10; *see* Pl. Mem. at 10.  But U.S. Specialty alleges that it has, nevertheless, been defending SMI, Cmpl. ¶ 8, and "has incurred, and continues to incur, expenses, including attorneys' fees and other costs in connection with the defense of SMI," *id*. ¶ 75.  And, as an excess insurer, U.S. Specialty clearly has "a personal stake in the outcome" of a decision about the duty of Nationwide Mutual to indemnify SMI. *Dubuisson*, 887 F.3d at 573.  As such, U.S. Specialty has met its burden to establish standing.

D.   The Claim for Declaratory Judgment Against Nationwide Mutual Fire Is Premature.

The defendants argue that the Court must dismiss as premature the claim for a judgment declaring that Nationwide Mutual Fire is obligated to indemnify Pagano for any contractual liability to SMI in the event such liability ultimately exceeds Pagano's coverage under the Nationwide Mutual policy.  The Court agrees.  U.S. Specialty does not contend that SMI has filed a lawsuit against Pagano for breaching the Indemnification, Hold Harmless and Insurance Agreement or the Trade Contractor Agreement.  Although declaratory relief may be available before a finding of liability, the Court cannot speculate about a potential duty to indemnify based on a hypothetical set of facts or claims.  *Contra Stoncor Grp., Inc.*, 322 F. Supp. 3d at 511–12.

U.S. Specialty complains that Nationwide Mutual has attempted to make any payment to settle the state court action against SMI conditional on SMI releasing Pagano from contractual liability.  Cmpl. ¶¶ 2, 10, 46, 61–62.  There is no question that an insurer has a duty under New York law to act in good faith when deciding whether to settle a claim against an insured.  *Pinto v. Allstate Ins. Co.*, 221 F.3d 394, 398 (2d Cir. 2000); *see generally* OSTRAGER & NEWMAN § 12.05.  And the alleged refusal of Nationwide Mutual to settle the state court action against SMI

8

(without imposing conditions for the benefit of its affiliate Nationwide Mutual Fire and its named insured Pagano) implicates the interests of U.S. Specialty as a co-insurer. But the interest of U.S. Specialty in connection with hypothetical claims against Pagano, which has not been named in the state court action, is at present purely speculative. Moreover, the requested declaratory relief against Nationwide Mutual would redress any injury to U.S. Specialty without requiring the Court to speculate about a hypothetical contract action.

IV.   <u>CONCLUSION</u>

For the reasons set forth above, the Court DENIES the motion to dismiss the first, second, and third causes of action, in which U.S. Specialty asserts claims seeking: (1) a declaratory judgment with respect to the duty of Nationwide Mutual to defend SMI, Cmpl. ¶¶ 57–63; (2) a declaratory judgment with respect to the duty of Nationwide Mutual to indemnify SMI, *id.* ¶¶ 64–70; and (3) contribution from Nationwide Mutual, *id.* ¶¶ 71–76. The motion to dismiss the fourth cause of action, asserting a claim for declaratory judgment against Nationwide Mutual Fire with respect to its obligation to indemnify Pagano, *id.* ¶¶ 77–80, is GRANTED.

Accordingly, IT IS HEREBY ORDERED that, by May 28, 2020, Nationwide Mutual shall file its answer to the complaint. IT IS FURTHER ORDERED that, by June 4, 2020, the parties shall file a joint letter and proposed Case Management Plan in accordance with the Court's Individual Rules of Practice in Civil Cases. Both the Court's Individual Rules and a model Case Management Plan are available at https://www.nysd.uscourts.gov/hon-mary-kay-vyskocil.

**SO ORDERED.**

**Date:  May 14, 2020**
**New York, NY**

**MARY KAY VYSKOCIL**
**United States District Judge**

9